23439

William P. WALKER, Jr., Vice President, Punch Line of Columbia, Inc., Respondent v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant.

(407 S.E. (2d) 633)

Supreme Court

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Miller W. Shealy, Jr.,* and *Frank L. Valenta, Jr., Gen. Counsel* of *Alcoholic Beverage Control Com'n,* Columbia, *for appellant.*

*Jon P. Popowski,* Columbia, *for respondent.*

Heard May 8, 1991; Decided July 22, 1991.

Rehearing Denied Aug. 15, 1991.

HARWELL, Justice:

Respondent (Punch Line) was charged with and found guilty of four offenses involving the unlawful sale of alcohol. The sole issue presented is whether the trial judge erred in modifying the penalty imposed by appellant South Carolina Alcoholic Beverage Control Commission (Commission). We affirm in part, reverse in part, and remand.

## I. FACTS

Punch Line was charged with selling liquor to a person under the age of twenty-one; selling liquor to an intoxicated person; permitting the possession of liquor by a person under the age of twenty-one; and permitting the possession of beer/wine by a person under the age of twenty-one. After a hearing, the Commission issued an order finding Punch Line guilty of all four offenses. The Commission's order stated that "Punch Line's beer and wine permit and sale and consumption license [is] suspended for a period of sixty (60) days, provided, however, that the suspension will be held in abeyance upon the payment of a Fourteen Thousand and no/100 ($14,000) Dollar fine upon the condition that Punch Line not be cited for a violation involving an underage person for a period of six months from the date the fine is paid."

Punch Line petitioned for judicial review on the ground that the fine imposed by the Commission exceeded the maximum fine authorized by statute. At the hearing on this issue, the Commission conceded that it could not properly fine as much as $14,000 under these circumstances. Punch Line contended that the maximum total that it could be fined for the four violations was $4,500, and requested that the fine be imposed in this amount. Thereafter, the trial judge issued an order modifying the penalty imposed by the Commission by providing that the fine would be $4,500 rather than $14,000. The Commission appeals.

## II. DISCUSSION

The Commission contends that the trial judge abused his discretion in modifying the penalty. The Commission asserts that once the trial judge determined that the fine it imposed exceeded the maximum statutorily authorized fine, he should have remanded the case to the Commission so that it could impose a penalty that did not exceed its statutory authority. We agree.

The Commission is controlled by the Administrative Procedures Act. *Schudel v. South Carolina Alcoholic Beverage Control Comm.*, 276 S.C. 138, 276 S.E. (2d) 308 (1981). As an administrative agency, the Commission is the fact-finder and it is the Commission's prerogative, and not the trial court's, to impose an appropriate penalty based on the facts presented.

Therefore, the trial judge erred in refusing to remand the case to the Commission so that it could impose an appropriate monetary penalty.

On remand, the Commission shall reconsider only the monetary portion of the penalty. The Commission is directed to impose a monetary penalty that is within its statutory authority. The Commission did not exceed its authority in imposing the other portion of the penalty; accordingly, this portion of the penalty is affirmed.

Affirmed in part, reversed in part, and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.