**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Revenue, Appellant,

v.

BI-LO, LLC, d/b/a BI-LO Store #5612, Respondent.

Appellate Case No. 2017-002568

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2020-UP-291
Submitted September 1, 2020 – Filed October 14, 2020

**AFFIRMED**

Elisabeth W. Shields, Sean Gordon Ryan, and Jason Phillip Luther, all of the South Carolina Department of Revenue, of Columbia, for Appellant.

Zoe C. Sanders and Alexander M. Sanders, Jr., both of The Sanders Law Firm of South Carolina, LLC, of Columbia, for Respondent.

**PER CURIAM:** The South Carolina Department of Revenue (SCDOR) appeals the order of the Administrative Law Court (ALC) (1) suspending Bi-Lo Store #5612's

(Bi-Lo's) beer and wine permit for seven days and assessing a $1,000 fine for violating section 61-6-1500(A)(1)(c) of the South Carolina Code (Supp. 2019)[1] and regulation 7-200.4 of the South Carolina Code (2011)[2] in February 2016; and (2) suspending Bi-Lo's beer and wine permit for another ten days and assessing an additional $2,000 fine for violating the same laws in August 2016. SCDOR argues the ALC erred in relying on non-mitigating factors to depart from the penalties it imposed on Bi-Lo because the evidence supported SCDOR's penalty determination of a forty-five day suspension of Bi-Lo's beer and wine permit for the February violation and revocation of its permit for the August violation. We affirm.

## I.    FACTS

Bi-Lo violated its beer and wine permit by selling alcohol to underage persons on four different occasions at Store #5612 in three years: in February 2014, December 2015, February 2016, and August 2016. The two violations at issue in this case are the February and August 2016 violations; both sales occurred as part of an undercover investigation by the South Carolina Law Enforcement Division (SLED) utilizing an underage purchaser (UP).

The February 2016 violation occurred when a UP attempted to purchase a can of beer, the cashier asked to see the UP's identification, and the UP provided the cashier her driver's license that showed she was nineteen. Nonetheless, the cashier sold the beer to the UP. SLED issued Bi-Lo an administrative violation and sent Bi-Lo a "Notice of Intent to Suspend" its beer and wine permit for forty-five days, which Bi-Lo protested. SCDOR issued a Department Determination upholding its decision to suspend Bi-Lo's beer and wine permit for forty-five days. Bi-Lo filed a request for a contested case hearing with the ALC as to this violation.

In regards to the August 2016 violation, a UP attempted to purchase a can of beer using her driver's license, which showed she was nineteen years old. The cashier asked to see the UP's identification, typed the UP's birthdate into the register, and then asked for assistance from a superior because the register required an override to sell the beer to UP. The superior entered an override code and sold the beer to the

---

[1] Section 61-6-1500(A)(1)(c) prohibits a retail dealer from selling or permitting the sale of alcohol on its premises to anyone under the age of twenty-one.

[2] Regulation 7-200.4 provides a retail dealer violates its alcohol permit if it permits or knowingly allows someone under twenty-one to purchase alcohol at its place of business, and this "violation shall be sufficient cause [for SCDOR] to suspend or revoke the license or permit."

UP without checking her identification. SLED issued another administrative violation to Bi-Lo and issued a "Notice of Intent to Revoke" Bi-Lo's beer and wine permit, which Bi-Lo protested. SCDOR issued a Department Determination upholding its decision to revoke Bi-Lo's permit, and Bi-Lo filed a request for a contested case hearing with the ALC.

The ALC held a joint hearing on the two violations. SCDOR asked the ALC to uphold its Department Determinations because SCDOR's penalty guidelines embodied in S.C. Revenue Procedure #13-2 state the penalty for selling alcohol to someone under the age of twenty-one is a forty-five day suspension of a business's beer and wine permit for a third violation and revocation of the permit for a fourth violation. Bi-Lo countered the penalties proposed by SCDOR would severely harm Bi-Lo's finances, which would affect Bi-Lo's employee's jobs and might cause the store to close. Bi-Lo also noted its policies and training videos informed employees of Bi-Lo's policy regarding age restricted products. Bi-Lo explained its employees had several days of on the job training before working alone; it participated in a yearly compliance training program with the local police department; and it had made changes to its registers two years earlier so cashiers could not override the requirement to enter a customer's birthdate for an age restricted sale, but it admitted the violations at issue occurred after the changes to the register system were made. Bi-Lo did not present evidence it made any policy, equipment, or training changes in response to the violations at issue.

The ALC expressed its concern about Bi-Lo's lack of response to the violations and its statement that "these violations were simply the result of an employee mistake that could happen again." Nonetheless, the ALC, noting Bi-Lo was the only traditional grocery store in the area and the revenue loss from revoking Bi-Lo's beer and wine permit could cause it to close, found the potential economic impact on Bi-Lo was a mitigating circumstance. The ALC reduced the penalties imposed by the SCDOR in its Department Determinations. This appeal followed.

## II. PENALTIES AND MITIGATING CIRCUMSTANCES

SCDOR argues the ALC abused its discretion when it ordered penalties against Bi-Lo that were substantially lower than the penalties imposed by SCDOR in its Department Determinations because (1) the ALC considered "non-mitigating, irrelevant circumstances," such as the potential economic impact of suspending or revoking Bi-Lo's beer and wine permit on the store, its employees, and its local

community[3]; (2) the penalties were "clearly erroneous" given the evidence relied on by the ALC, particularly evidence that Bi-Lo had repeatedly sold alcohol to underage persons, it had not made any changes to try to prevent such sales, and its employees stated such issues were human error likely to happen again; and (3) the ALC did not give proper deference to SCDOR's "construction of the laws it is charged to administer and enforce" and ignored its "long-standing administrative practice" as set forth in its penalty guidelines. We disagree.

First, in contested case hearings such as this, the ALC is the fact finder and reviews SCDOR's department determinations de novo. It is the ALC's "prerogative . . . to impose an appropriate penalty based on the facts presented." *S.C. Dep't of Revenue v. Sandalwood Soc. Club*, 399 S.C. 267, 280, 731 S.E.2d 330, 337 (Ct. App. 2012) (quoting *Walker v. S.C. Alcoholic Beverage Control Comm'n,* 305 S.C. 209, 210, 407 S.E.2d 633, 634 (1991)); *see also Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 54, 766 S.E.2d 707, 728 (2014) (Toal, C.J., dissenting) ("The General Assembly specifically granted ALCs the significant right to render final decisions based on de novo review."); *id*. at 54–55, 766 S.E.2d at 729 (Toal, C.J., dissenting) ("The ALC's de novo review hearing is best explained as 'one in which the decisionmaker does not review the decision of someone else, but *makes the determination himself.* Thus, the [ALJ], while he may use the record compiled earlier as part of the evidence in the case, may receive additional evidence and decides the issue *without regard to* the decisions made by the agency.'" (quoting Randolf R. Lowell, *South Carolina Administrative Practice and Procedure* 152 (2d ed. 2008))).

Furthermore, the language of the statutes and regulations at issue here unambiguously provide a business with a beer and wine permit may be punished for violating the law and selling alcohol to an underage person *by doing any of the following*: suspending the permit, revoking the permit, imposing a monetary sanction on the business, or some combination thereof. *See* S.C. Code Ann. § 61-4-580(A) (Supp. 2019) ("No holder of a permit authorizing the sale of beer or wine . . . or

---

[3] Bi-Lo argues SCDOR did not preserve the mitigating circumstances issue for our review. We find this issue preserved because the only issue before the ALC was the appropriate penalty for Bi-Lo's admitted violations, determining this issue included considering mitigating circumstances, the ALC heard evidence about mitigating circumstances, and it ruled on the issue in its order. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

employee of the permittee may knowingly [sell beer or wine to a person under the age of twenty-one] upon the licensed premises covered by the holder's permit."); § 61-6-1500(A)(1)(c); S.C. Code Ann. Regs. 7-200.4. Thus, the ALC properly rejected the SCDOR's argument the ALC must defer to its decision to penalize Bi-Lo according to the suggested penalties for a third and fourth violation as listed in the penalty guidelines because this interpretation goes against the clear and unambiguous meaning of the statutes and regulations, which provide several possible penalties for such violations. *See Brown v. Bi–Lo, Inc.*, 354 S.C. 436, 440, 581 S.E.2d 836, 838 (2003) (providing the court "generally gives deference to an administrative agency's interpretation of an applicable statute or its own regulation . . . [but] where . . . the plain language of the statute is contrary to the agency's interpretation, the Court will reject the agency's interpretation"). Additionally, the ALC had substantial evidence to support its decision to reduce the penalties based on the evidence presented by Bi-Lo regarding the potential economic impact of the penalties imposed by SCDOR on Bi-Lo, its employees, and the surrounding community.[4] Accordingly, we find the ALC did not err in departing from the proposed penalties in SCDOR's Department Determinations and imposing different penalties on Bi-Lo that were still within the statutory range.

The penalty guidelines expressly state (1) they are not binding and are flexible, (2) they do not "restrict [SCDOR's] authority to impose any sanction within the statutory authority," and (3) the person assessing the penalties can consider mitigating circumstances not specifically included in the guidelines. SCDOR concedes its penalty guidelines are not "binding norms."

Yet, at the same time, SCDOR asks this court to interpret the penalty guidelines as mandatory. Close scrutiny of SCDOR's position reveals they are arguing the ALC

---

[4] We acknowledge there is also evidence to support upholding the penalties imposed by SCDOR including Bi-Lo's failure to make changes to prevent further violations and its statement that such a violation may happen again. However, the substantial evidence standard of review only requires that we find "evidence from which reasonable minds could reach the same conclusion as the ALC," *Kiawah Dev. Partners, II*, 411 S.C. at 28, 766 S.E.2d at 715, and the fact that "inconsistent conclusions" can be drawn "from the evidence does not prevent does not prevent an administrative agency's finding from being supported by substantial evidence." *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) (quoting *Palmetto Alliance, Inc. v. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)).

is bound by their interpretation of the penalties authorized by the applicable statutes. SCDOR argues further the ALC is bound by their penalty guidelines found in S.C. Revenue Procedure #13-2. In essence, then, SCDOR contends the ALC is bound not only by its interpretation of the relevant statutory law but also by SCDOR's application of that interpretation.

We disagree. If SCDOR's penalty guidelines bind the ALC, then they would constitute a "binding norm." *See Joseph v. S.C. Dep't of Labor, Licensing, & Regulation*, 417 S.C. 436, 454, 790 S.E.2d 763, 772 (2016) (finding the hallmark of a binding norm is the extent to which the policy at issue gives the agency discretion as to whether to follow it). The penalty guidelines are not binding norms because, as they state:

> These are guidelines only, and this advisory opinion does not establish a binding norm. There will often be circumstances present that call for either more severe or less severe sanctions for an offense. These guidelines do not restrict [SCDOR]'s authority to impose any sanction within the statutory authority granted by the General Assembly.

Despite this public avowal, SCDOR insists the ALC and this court must defer to the SCDOR's interpretation of the penalty guidelines in specific cases. If that were true, two other things would follow. First, the penalty guidelines would be transformed into a binding norm, and because these guidelines were not adopted as a regulation after notice and comment and other compliance with the South Carolina Administrative Procedures Act (the Act), S.C. Code Ann. §§ 1-23-10 to -680 (2005 & Supp. 2019), SCDOR's underground use of them would be contrary to the Act and unconstitutional. Second, SCDOR, rather than the ALC, would become the fact finder in contested cases, and their penalty decisions would be immune from factual review, contrary to the right of judicial review guaranteed by Article I, § 22 of the South Carolina Constitution. We therefore reject SCDOR's contention that the deference doctrine applies here.

We find the ALC did not err or depart from the penalty guidelines when it considered the potential economic impact of the penalties imposed by SCDOR on Bi-Lo, its employees, and the surrounding community as a mitigating circumstance even though economic impact of a penalty is not a listed mitigating circumstance.[5] The

---

[5] We note SCDOR's argument that economic impact and post-violation remedial conduct are not mitigating factors because they are not circumstances that reduce a

ALC imposed a penalty within the statutory range. *See* § 61-4-580(A); § 61-6-1500(A)(1)(c); S.C. Code Ann. Regs. 7-200.4. Accordingly, because the ALC: (1) did not clearly err by using the potential economic impact of the penalties as a mitigating circumstance to reduce the penalties imposed by SCDOR in its Department Determinations, (2) imposed a penalty within statutory authority, and (3) had substantial evidence to support its decision, we affirm.

**AFFIRMED.**[6]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

business' culpability for the violation or that were intended to prevent the violation from occurring. However, we find this argument meritless because the penalty guidelines (1) do not define mitigating circumstances but only provide a non-exhaustive list, (2) do not limit mitigating circumstances to pre-violation acts or to acts that reduce culpability, and (3) state the volume of alcohol sold by the business can be a mitigating factor, even though this factor does not meet the definition of mitigating factors raised by SCDOR.

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.