**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Revenue, Respondent,

v.

Study Hall, LLC, d/b/a Study Hall, LLC, Appellant.

Appellate Case No. 2020-000435

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-296
Submitted June 1, 2022 – Filed July 13, 2022

———————

**AFFIRMED**

———————

Kathleen McColl McDaniel and Sarah Jean Michaelis
Cox, both of Burnette Shutt & McDaniel, PA, of
Columbia, for Appellant.

Patrick Alan McCabe, of S.C. Department of Revenue, of
Columbia, for Respondent.

———————

**PER CURIAM:** Study Hall, LLC (Study Hall) appeals the Administrative Law Court's (ALC's) order requiring the South Carolina Department of Revenue to grant its application to renew its on-premises beer and wine permit and a liquor-by-the-drink license but suspending the permit and license for ninety days.

Study Hall argues the ninety-day suspension was outside the ALC's statutory authority because the ALC determined its sole principal possessed the requisite moral character for licensure. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *MRI at Belfair, LLC v. S.C. Dep't of Health & Env't Control*, 394 S.C. 567, 572, 716 S.E.2d 111, 113 (Ct. App. 2011) ("Appeals from the ALC are governed by the Administrative Procedures Act.[1]"); S.C. Code Ann. § 1-23-610(B) (Supp. 2021) (stating an appellate court reviews the ALC's decision to determine if it is: "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* at 605, 670 S.E.2d at 676 ("Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC] and is more than a mere scintilla of evidence."); *S.C. Dep't of Revenue v. Sandalwood Soc. Club*, 399 S.C. 267, 279, 731 S.E.2d 330, 337 (Ct. App. 2012) ("In reaching a decision in a contested violation matter, the ALC serves as the sole finder of fact in the de novo contested case proceeding."); *id.* at 279-80, 731 S.E.2d at 337 ("As an administrative agency, [the ALC] is the fact-finder and it is [the ALC's] prerogative . . . to impose an appropriate penalty based on the facts presented." (alterations in original) (quoting *Walker v. S.C. Alcoholic Beverage Control Comm'n*, 305 S.C. 209, 210, 407 S.E.2d 633, 634 (1991))).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] S.C. Code Ann. § 1-23-10 to -680 (2005 & Supp. 2021).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.