**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Revenue, Respondent,

v.

Agua Pina, LLC d/b/a Hookah on the River, Appellant.

Appellate Case No. 2021-000886

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2024-UP-171
Heard March 7, 2024 – Filed May 15, 2024

———————

**AFFIRMED**

———————

Andrew William Saleeby, of Nexsen Pruet, LLC, and
Burnet Rhett Maybank, III, of Adams and Reese LLP,
both of Columbia, for Appellant.

Patrick Alan McCabe, Jason Phillip Luther, and Adam J.
Neil, all of Columbia, for Respondent.

———————

**PER CURIAM:** Agua Pina, LLC, d/b/a Hookah on the River (Agua Pina), appeals the administrative law court's (the ALC) order revoking its beer, wine, and liquor licenses. On appeal, Agua Pina argues the ALC erred by (1) revoking its alcohol licenses, (2) finding the South Carolina Department of Revenue (the

Department) met its burden of proof, (3) declining to find the Department's failure to produce certain witnesses was harmful to its case, and (4) determining revocation was the proper penalty. We affirm.

1. We hold substantial evidence in the record supports the ALC's order revoking Agua Pina's alcohol licenses. *See Deerfield Plantation Phase II B Prop. Owners Ass'n v. S.C. Dep't of Health & Env't Control*, 414 S.C. 170, 175, 777 S.E.2d 817, 819 (2015) ("[T]his Court's review is limited to determining whether the ALC's findings were supported by substantial evidence, or were controlled by an error of law."). The record indicates that within a nine-month period, multiple shootings occurred at Agua Pina and the number and severity of violent incidents escalated. Additionally, Agua Pina failed to ensure the safety of its patrons through effective frisking and screening measures and was responsible for over 100 calls for service to the Richland County Sheriff's Office (RCSO). Thus, the ALC did not err in finding that Agua Pina is a burden on law enforcement, constitutes a public nuisance, and has failed to uphold a "reputation for peace and good order" in the community. *See* S.C. Code Ann. § 61-4-580(A)(5) (2022) (prohibiting an entity from holding a beer and wine license should it "permit any act, the commission of which tends to create a public nuisance or which constitutes a crime under the laws of this [s]tate"); S.C. Code Ann. § 61-6-1820(2) (2022) (restricting the issuance of a license to serve liquor to businesses that have "a reputation for peace and good order in [their] community").

2. We hold the ALC did not err in determining the Department met its burden of proof. *See* SCALC Rule 29(B) ("In matters involving the assessment of civil penalties, the imposition of sanctions, or the enforcement of administrative orders, the agency shall have the burden of proof."). Agua Pina contends the Department failed to meet its burden of proof because it did not produce any witnesses from the Department or South Carolina Law Enforcement Division (SLED).[1] No statute or common law precedent requires the Department to present a witness from one of these organizations to impose any penalties or sanctions. Furthermore, the record indicates Agua Pina failed to ensure the safety of its patrons and was a source of

---

[1] At oral argument, Agua Pina argued the Department and the ALC are prohibited from revoking its beer and wine permit because SLED failed to conduct an investigation. Agua Pina made this argument for the first time on appeal. Thus, this argument is not properly before this court. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well–settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

violence in the community. Accordingly, substantial evidence supports the ALC's findings that the Department met its burden of proof and that Agua Pina is a burden on law enforcement.

3. Agua Pina argues the Department's failure to introduce 95 additional incident reports into evidence after RCSO testified it responded to over 100 calls for service creates a presumption that the additional incident reports are harmful to the Department's case. This argument is without merit. Such a presumption is only triggered when there is a suspicion that a party is attempting to withhold evidence. Nothing here indicates the Department attempted to withhold the alleged remaining incident reports from Agua Pina. *See Davis v. Sparks*, 235 S.C. 326, 334, 111 S.E.2d 545, 549 (1959) ("A litigant is not required to produce as a witness every person who may give evidence in his favor[,] and his failure to do so does not necessarily imply a design on his part to suppress the truth."); *id.* ("Inference from the unexplained failure of a party to call an available witness that the testimony of such witness would have been unfavorable may be drawn only where, under all of the circumstances of the case, the failure to produce such witness creates suspicion of a wil[l]ful attempt to withhold competent testimony.").

4. We hold the ALC did not abuse its discretion in determining that revocation of Agua Pina's alcohol licenses was the proper penalty. As the fact-finder, the ALC had the authority to impose an appropriate penalty based on the facts of the case. Based on our foregoing conclusion that the record supports the ALC's determination that Agua Pina constituted a burden on law enforcement, we find revocation was a proper penalty. *See S.C. Dep't of Revenue v. Sandalwood Soc. Club*, 399 S.C. 267, 279–80, 731 S.E.2d 330, 337 (Ct. App. 2012) ("As an administrative agency, [the ALC] is the fact-finder and it is [the ALC's] prerogative . . . to impose an appropriate penalty based on the facts presented." (quoting *Walker v. S.C. Alcoholic Beverage Control Comm'n*, 305 S.C. 209, 210, 407 S.E.2d 633, 634 (1991))); *see also* S.C. Code Ann. § 61-6-1830(1) (2022) (stating that should the Department determine a business no longer meets the requirements of section 61-6-1820, it may revoke the business's liquor license); S.C. Code Ann. § 61-4-580(B) (2022) (stating that should a business violate any provision of section 61-4-580, the Department may revoke the business's beer and wine permit).

**AFFIRMED.**

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**